FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 10, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN SNEDDEN,<br><br>                       Petitioner,<br><br>v.<br><br>CHERYL STRANGE,<br><br>                       Respondent. | NO: 2:21-CV-0286-RMP<br><br>ORDER DISMISSING HABEAS CORPUS PETITION, DENYING MOTIONS AND DIRECTING THE OPENING OF A SEPARATE CIVIL RIGHTS CASE |

On November 30, 2021, the Court directed Petitioner Steven Snedden to show cause why his Habeas Corpus Petition should not be dismissed based on the abstention principles of *Younger v Harris*, 401 U.S. 37, 41 (1971). ECF No. 30 at 7–10. At that time, Petitioner was a prisoner at the Coyote Ridge Corrections Center. He is proceeding *pro se* and *in forma pauperis*. Respondent Cheryl Strange has not been served.

**RESPONSE TO ORDER TO SHOW CAUSE**

On January 5, 2022, the Court received a series of documents from Mr. Snedden, indicating that he is now confined at Spokane County Detention Services.

ORDER DISMISSING HABEAS CORPUS PETITION, DENYING MOTIONS AND DIRECTING THE OPENING OF A SEPARATE CIVIL RIGHTS CASE -- 1

1    The Court construes his letter dated December 29, 2021, as a Notice of Change of
2    Address. ECF No. 31. Because Mr. Snedden states that he deposited his documents
3    for mailing on December 29, 2021, *id.,* the Court will consider his response titled,
4    "Reply to Court's Order: Motion for Joinder of Claims and for Summary Judgment
5    on Declaratory Relief Claim," ECF No. 32, to be timely. *See Houston v. Lack*, 487
6    U.S. 266 (1988).
7    After careful review of this response and the accompanying motions, ECF
8    Nos. 32–34, the Court finds that Mr. Snedden has failed to show cause why this
9    habeas corpus petition should not be dismissed as precluded by *Younger*. Contrary
10   to his assertions, Petitioner did not "cure the exhaustion deficiency" and he has
11   failed to present any facts warranting this Court's intervention in pending criminal
12   proceedings. ECF No. 32 at 1.
13   The "Motion to Admit Amendment to Petition for a Writ of Habeas Corpus
14   Under 28 U.S.C. § 2254," ECF No. 33, is reiterates his prior assertions that his
15   initial term of community custody was unlawfully imposed, only brought against the
16   Superintendent of the Coyote Ridge Corrections Center, Melisa Andrewjeski.
17   Petitioner attached a copy of this Court's November 30, 2021, Order. ECF No. 33-1.
18   In the future, Petitioner may refer the Court any documents in the record, instead of
19   refiling them.
20   In his Reply, Petitioner asks to "join" a civil rights complaint into these
21   habeas proceedings in an apparent attempt to avoid the exhaustion requirement. *See*

ORDER DISMISSING HABEAS CORPUS PETITION, DENYING MOTIONS
AND DIRECTING THE OPENING OF A SEPARATE CIVIL RIGHTS CASE -- 2

1    ECF No. 32 at 2.  For reasons set forth later in this Order, the Court will not permit

2    Petitioner to incorporate a civil rights complaint into these proceedings.  As for

3    exhaustion, the Court notes that since 1996, prisoners have been required to exhaust

4    available administrative remedies before bringing a civil rights action pursuant to 42

5    U.S.C. § 1983.  *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047,

6    1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934–35 (9th Cir. 2005).

7         In his Reply, Plaintiff argues that the indecent exposure statute, under which

8    he was convicted, violates his civil rights.  ECF No. 32 at 3.  He claims the statute is

9    "overbroad where it invades an area of his protected freedoms."  *Id.*  He claims that

10   he has "a First Amendment Right to dance in the nude, demonstrate politically in the

11   nude, and to be nude for scientific purposes."  *Id.*  The court notes that this is a

12   departure from the claims asserted in the habeas petition.  ECF No. 1.  Petitioner

13   may challenge the constitutionality of a state criminal statute in appropriate state

14   appellate proceedings, and, once he has exhausted those remedies, he may apply for

15   federal habeas relief.  At this time, however, these newly asserted claims also are

16   unexhausted.  Petitioner's request for "summary judgment on an action for

17   declaratory judgment," ECF No. 32 at 4 of 6, must be denied.

18        As previously advised, federal courts generally will not intervene in a pending

19   state court criminal proceeding absent extraordinary circumstances where the danger

20   of irreparable harm is both great and immediate.  ECF No. 30 at 7; *see Younger,* 401

21   U.S. at 41.  "[O]nly in the most unusual circumstances is a defendant entitled to have

ORDER DISMISSING HABEAS CORPUS PETITION, DENYING MOTIONS
AND DIRECTING THE OPENING OF A SEPARATE CIVIL RIGHTS CASE -- 3

1  federal interposition by way of injunction or habeas corpus until after the jury comes
2  in, judgment has been appealed from and the case concluded in the state courts."
3  *Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir. l972)*; see also Carden v. Montana*,
4  626 F.2d 82, 83–84 (9th Cir. 1980).  Plaintiff has failed to show that his criminal
5  cases have fully concluded in the state court.
6       In *Younger,* the Supreme Court held that principles of federalism, comity, and
7  equity require federal courts to abstain from enjoining ongoing state court criminal
8  proceedings, except in specific, very narrow circumstances.  *Younger,* 401 U.S. at 45
9  ("[T]he normal thing to do when federal courts are asked to enjoin pending [state
10 criminal] proceedings . . .  in state courts is not to issue such injunctions."). *Younger*
11 abstention is appropriate when (1) there is "an ongoing state judicial proceeding";
12 (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate
13 opportunity in the state proceedings to raise constitutional challenges"; and (4) the
14 requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the
15 ongoing state judicial proceeding. *ReadyLink Healthcare, Inc. v. State Comp. Ins.*
16 *Fund*, 754 F.3d 754, 758 (9th Cir. 2014).
17      As stated previously, Petitioner has the opportunity and means to challenge
18 the fairness of his final judgment and sentence, including any constitutional
19 challenge to the statute under which he was convicted, in the state appellate system,
20 and then, if necessary, through subsequent state and federal habeas corpus
21 proceedings.  He has presented no factual allegations of proven harassment or

ORDER DISMISSING HABEAS CORPUS PETITION, DENYING MOTIONS
AND DIRECTING THE OPENING OF A SEPARATE CIVIL RIGHTS CASE -- 4

prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction or other extraordinary circumstances where irreparable injury can be shown that would justify federal injunctive relief against pending state prosecutions. *See Perez v. Ledesma,* 401 U.S. 82, 85 (1971).

Having failed to assert facts sufficient to show that he is entitled to federal intervention at this time, the Court finds that Petitioner is not entitled to the habeas relief he seeks. *See* Rule 4, Rules Governing § 2254 Cases.

### MOTION/CIVIL RIGHTS COMPLAINT

Mr. Snedden asks the Court to allow him to proceed *in forma pauperis* in a "joint civil rights claim." ECF No. 34. The Court will not permit Mr. Snedden to do so. Civil rights complaints and habeas corpus petitions are distinct civil proceedings with different standards and obligations for proceeding *in forma pauperis.*

The fee for filing a habeas corpus action is $5.00, *see* 28 U.S.C. 1914(a), and is waived completely when *in forma pauperis* status is granted. In contrast, the filing fee for a civil rights complaint is $402.00 and only the $52.00 administrative fee is waived when *in forma pauperis* status is granted, leaving the prisoner plaintiff with the obligation of paying the $350.00 in incremental payments until it is paid in full. *See* 28 U.S.C. § 1915(b). Furthermore, because the remedies available in habeas corpus and civil rights actions are different (*e.g.,* release and damages) a litigant must proceed separately in each type of case. *See Nelson v. Campbell,* 541 U.S. 637, 646 (2004) ("damages are not an available habeas remedy").

ORDER DISMISSING HABEAS CORPUS PETITION, DENYING MOTIONS AND DIRECTING THE OPENING OF A SEPARATE CIVIL RIGHTS CASE -- 5

If a state prisoner challenges the fact or duration of his confinement or seeks a determination that he is entitled to release or a shortening of his period of confinement, his only federal remedy is a writ of habeas corpus, with its requirement of exhaustion of state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 487–90 (1973); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). A section 1983 claim is not the appropriate vehicle for a prisoner to challenge his underlying state conviction and sentence by seeking injunctive relief. *Preiser v. Rodriguez*, 411 U.S. at 489 ("a state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus . . . he cannot bring a § 1983 action, even though the literal terms of § 1983 might seem to cover such a challenge"). Therefore, Petitioner's Motion to Proceed *in forma pauperis* in a Joint Civil Rights Claim Under 42 U.S.C. § 1983, ECF No. 34, will be denied.

Among the documents filed on January 5, 2022, is a Civil Rights Complaint under 42 U.S.C. § 1983, bearing the case number of this habeas proceeding. ECF No. 34-1. Because Mr. Snedden may not proceed with two different types of cases in a single action, and because of the pending disposition of this habeas proceeding, the Court will direct the District Court Clerk to file the Civil Rights Complaint as a separate action and provide Petitioner with the documents and instructions necessary to file a civil rights action *in forma pauperis*. Should Petitioner comply with the

ORDER DISMISSING HABEAS CORPUS PETITION, DENYING MOTIONS
AND DIRECTING THE OPENING OF A SEPARATE CIVIL RIGHTS CASE -- 6

filing fee or *in forma pauperis* requirements, the complaint in the new action will be subject to screening under 28 U.S.C. § 1915A(a).

Therefore, **IT IS ORDERED**:

**1.** The Petition, **ECF No. 1**, is **DISMISSED WITHOUT PREJUDICE** to Petitioner pursuing appropriate state appellate and federal habeas relief, after state court remedies have been exhausted.

**2.** The Motion to Admit Amendment to Petition for Writ of Habeas Corpus, **ECF No. 33,** and the Motion to Proceed *in forma pauperis* in a Joint Civil Rights Claim under 42 U.S.C. § 1983, **ECF No. 34,** are **DENIED.**

**3.** As the Court finds that Petitioner's request for "summary judgment on an action for declaratory judgment," ECF No. 32 at 4 of 6, must be denied for the reasons set forth above, the Court correspondingly **DENIES AS MOOT** Petitioner's "Motion to Convene a Three-Judge Court to Hear a Motion for Summary Judgement [sic] on a Claim for Declaratory Relief," **ECF No. 35**, filed on January 10, 2022.

**4.** The District Court Clerk shall file the Civil Rights Complaint, **ECF No. 34-1,** in a separate case as of the date that it was received.

**IT IS SO ORDERED**. The District Court Clerk is **DIRECTED** to enter this Order, enter judgment, provide copies to Petitioner and **CLOSE** the file.

ORDER DISMISSING HABEAS CORPUS PETITION, DENYING MOTIONS AND DIRECTING THE OPENING OF A SEPARATE CIVIL RIGHTS CASE -- 7

1  The Court certifies that an appeal from this decision could not be taken in good

2  faith and there is no basis upon which to issue a certificate of appealability. *See* 28

3  U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

4      **DATED** January 10, 2022.

          *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        Senior United States District Judge